**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-2388**

---

HENRY F. PORTILLO SILVA,

                    Petitioner,

        v.

MERRICK B. GARLAND, Attorney General; JANEAN OHIN, Acting Director of
Immigration & Customs Enforcement,

                    Respondents.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  July 13, 2022                                    Decided:  July 21, 2022

---

Before DIAZ and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Petition dismissed by unpublished per curiam opinion.

---

**ON BRIEF:** John E. Gallagher, Catonsville, Maryland, for Petitioner.  Brian Boynton,
Principal Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant Director,
Marie V. Robinson, Attorney, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry F. Portillo Silva, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). Portillo Silva asserts that the IJ erred in denying protection under the CAT because the IJ did not quantify and tally the possibility of torture from all possible groups to determine if it is more likely than not that he will be tortured. We dismiss the petition for review.

A petitioner who fails to raise a particular claim before the Board fails to exhaust that claim. *See Tiscareno-Garcia v. Holder,* 780 F.3d 205, 210 (4th Cir. 2015). "It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." *Kporlor v. Holder,* 597 F.3d 222, 226 (4th Cir. 2010) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(d)(1). We have "no authority" to consider issues not raised before the Board. *Cedillos-Cedillos v. Barr*, 962 F.3d 817, 823 n.3 (4th Cir. 2020); *see also Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) (stating that "when a petition contains an argument that has never been presented to the [Board] for consideration, we lack jurisdiction to consider it even if other arguments in the petition have been exhausted"). This exhaustion requirement is applied to both "final orders of removal globally" and "particular claims specifically." *Shaw v. Sessions,* 898 F.3d 448, 456 (4th Cir. 2018) (alteration and internal quotation marks omitted).

We conclude that Portillo Silva failed to exhaust his issue before the Board. Accordingly, we lack jurisdiction to consider the issue and dismiss the petition for review.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DISMISSED*